Cloud v. Commonwealth Of Virginia                                                                                    Doc. 4
Case 7:08-cv-00190-jct-mfu   Document 4   Filed 02/25/2008   Page 1 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSHUE LEE CLOUD,<br>    Petitioner, | Civil Action No. 7:08-cv-00190 |
| v. | MEMORANDUM OPINION |
| COMMONWEALTH OF VIRGINIA,<br>    Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Joshue Lee Cloud, a Virginia inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner Cloud challenges the validity of his March 31, 2005 conviction in the Carroll County Circuit Court for attempted breaking and entering and larceny of a firearm. Upon consideration of the petition, the court is of the opinion that it should be dismissed summarily pursuant to Rule 4 of the Rules Governing § 2254 Cases. A petition may be dismissed under this rule if it is clear from the petition that the petitioner is not entitled to relief.

Cloud states that after his conviction, he did not pursue an appeal, because his attorney failed to perfect an appeal. His claims for relief are not clearly spelled out or numbered, but appear to be: (1) counsel failed to perfect a notice of appeal;[1] (2) vindictive prosecution, based on newly discovered evidence that petitioner's co-defendant was offered leniency in exchange for his testimony;[2] (3) violation of petitioner's right to confrontation of accusers; (4) petitioner's guilty plea

---

[1] Cloud asks this court to "remand" his state criminal case to the Court of Appeals of Virginia for a belated appeal.

[2] Cloud states that within the last three months, he has obtained documentation that proves his actual innocence. His co-defendant, Derick Tripplett, wrote to Cloud's mother, stating that Cloud had nothing to do with the offense conduct and that he (Tripplett) "only impliment[ed] [sic]" Cloud

1

Dockets.Justia.com

was coerced.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies or if the petition presents a mixture of claims that are exhausted and unexhausted before the state courts, the federal court must dismiss the petition. Rose v. Lundy, 455 U.S. 509 (1982); Slayton v. Smith, 404 U.S. 53 (1971). This principle protects the petitioner from the long-standing limitations on successive petitions by allowing petitioner to attempt exhaustion of state court remedies of the unexhausted claims so that he may later seek federal review of all claims in a single petition, once all claims are exhausted. Id.; 28 U.S.C. §2244(b). A habeas petition filed after a prior petition is dismissed without prejudice for failure to exhaust state remedies does not qualify as a "second or successive" application within the meaning of § 2244(b)(1). See Slack v. McDaniel, 529 U.S. 473 (2000).

The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, that court is the Supreme Court of Virginia. Va. Code. § 8.01-654. A non-death row felon in Virginia can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, he can file a direct appeal to the Virginia Court of Appeals. See Va. Code §17.1-406(A), with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, he can attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court

---

because the prosecution had agreed not to prosecute him or give him a lesser sentence in exchange.

2

of Virginia. See Va. Code §8.01-654(A); §17.1-406(B). Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. See Va. Code §8.01-654(A). Whichever route the inmate chooses to follow, it is clear that he ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them.

In this case, the petition clearly shows that petitioner has not presented all of his claims to the Supreme Court of Virginia as required. Cloud states that he has filed "no appeals" in this case and does not mention any state post-conviction proceeding whatsoever. Moreover, his claim of vindictive prosecution is based on evidence that was allegedly discovered only within the last three months. He does not mention ever presenting any of this evidence to a state court and has not had time to complete any state court proceedings with regard to that evidence. Petitioner's clear failure to exhaust his state remedies mandates summary dismissal without prejudice of his petition by this court.[3] An appropriate final order will be entered this day.

The Clerk of the Court is directed to send copies of this memorandum opinion and final order to petitioner.

ENTER:    This 25th day of February, 2008.

/s/ James C. Turk
Senior United States District Judge

---

[3] Petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Virginia Supreme Court through one of the three routes described. Petitioner is advised, however, that his time to file state or federal habeas petitions is now limited. See 28 U.S.C. §2244(d); Virginia Code §8.01-654(A)(2).